Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
RICHARD ONTIVEROS-GIMA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ONTIVEROS-GIMA,<br><br>　　　*Plaintiff*,<br><br>v.<br><br>ELON MUSK,<br><br>　　　*Defendant.* | Case No.: 2:24-cv-9028<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff Richard Ontiveros-Gima, for his Complaint against Defendant Elon Musk, alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff*

2. Plaintiff is a freelance photographer and regularly licenses photographs to numerous top-tier outlets. Throughout his career, he has worked with an array of globally recognized and prestigious clients, including industry leaders and iconic brands. His exceptional talent in photography has been sought after by numerous athletes and A-list celebrities. These collaborations underscore Mr. Ontiveros-Gima's

talent and reputation within the industry. His photographs have graced magazines as well as the marketing materials and campaigns of world-renowned brands, a testament to his remarkable skill and ability to consistently deliver extraordinary visual content.

3. Ontiveros-Gima and his agents conduct business as a syndicator of photos and features of popular content including magazines like defendant. The business model is predicated on licensing the use of works to many different licensees, each of which pays a fee to publish.

4. Ontiveros-Gima is a resident of Brooklyn, New York.

### *Defendant*

5. Defendant Elon Musk is an entrepreneur and businessman. On information and belief, Musk is a resident of the State of Texas.

6. Musk owns and operates the social media platform X, formerly known as Twitter, and on information and belief he operates the account @elonmusk on that platform, publicly available at www.instagram.com/elonmusk, or is otherwise responsible for the content posted to that account.

### *Personal Jurisdiction and Venue*

7. On information and belief, from about 1995 until at least 2024—encompassing the period that includes the infringement at issue in this matter—Musk resided in California.

8. Even after moving his residence from California, Musk continues to have contacts with the State that are so continuous and systematic that exercising personal jurisdiction over him would be consistent with due process.

9. Among other things, Musk is the principal owner or shareholder and/or corporate officer of at least five companies with principal offices in California: Neuralink Corp., a private neurotechnology corporation headquartered in Fremont; OpenAI, a private artificial intelligence company headquartered in San Francisco; Tesla Inc., which has production facilities in Lathrop and Fremont, development and

engineering facilities in Palo Alto and San Diego, and design facilities in Hawthorne; SpaceX, which operates a launch complex at Vandenberg Space Force Base and has significant development and corporate offices in Hawthorne; and X—the social media platform used for the infringement at issue in this matter—which until September 2024 had corporate offices in San Francisco and still have large numbers of employees in Palo Alto and San Jose. On information and belief, Musk's interests in and responsibilities with these companies require frequent contact with California officials and other California residents, as well as frequent visits to the State.

10. Accordingly, this Court has personal jurisdiction over Musk because his contacts with the State of California are "so continuous and systematic" as to render him "at home" in the State.

11. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

12. Plaintiff is the owner and copyright holder of a photographic image (the "Image") depicting Musk wearing a red knight costume to a Halloween party. The Image was registered with the U.S. Copyright Office as Reg. No. VA 2-237-703 (eff. Nov. 6, 2022). The Image was registered with the U.S. Copyright Office within 90 days of first publication.

13. Plaintiff never licensed the Image to Musk. Nevertheless, Musk used the Image without authorization or permission to do so, and without paying a license fee.

14. Specifically, on or around October 31, 2022, defendant or someone acting on his behalf copied the Image from Internet sources—on information and belief including legitimate licensees of plaintiff—altered the Image by cropping it, stored the Image on servers or computers, and displayed the Image on Musk's social medical account @elonmusk on X.

15. The Image is creative, distinctive, and—as evidenced by Musk's use and misappropriation of it—valuable. Because of the Image's quality, visual appeal, and

celebrity subject matter, plaintiff earned revenue from licensing it and stood to gain more revenue from licensing.

16. Defendant's unauthorized use of the Image harmed the existing and future market for it. Defendant's Instagram post made the Image immediately available to his millions of followers and to the public, including consumers of entertainment and business news—and especially news and images of Musk himself—who would otherwise be interested in viewing licensed versions of the Image in the magazines, newspapers, and online publications that are plaintiff's customers. In addition, defendant posted the Image to X on the same day it was initially published for licensing to customers—a critical time during which licensing activity is typically most robust.

17. Defendant's unauthorized use of the Image also harms plaintiff's business model by driving down the prices for legitimately licensed celebrity images and driving away actual and potential customers. Plaintiff's customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media.

18. As a businessman who owns a prominent social media platform, Musk operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Musk was aware of the importance of copyright protection and knew that he needed to have but did not have permission to use the Image, and/or he acted recklessly by posting the Image without determining the right to do so.

19. Through his counsel, Musk was made aware of his infringement no later than December 1, 2022. Despite being on notice, Musk failed to remove the infringing post, which is still available at https://x.com/elonmusk/status/1587317099843796992 at the time this Complaint was filed.

///

# CLAIM ONE

## (For Copyright Infringement, 17 U.S.C. § 501)

20. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

21. Plaintiff is the copyright owner of the protected Image named above in this Complaint.

22. Defendant has reproduced, displayed, or otherwise copied the Image without plaintiff's authorization or license.

23. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, create derivative works, and distribute its work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

24. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

25. Plaintiff suffered damages as a result of defendant's unauthorized use of the Image.

26. Having timely registered copyright in the Image, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

27. Plaintiff alleges, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

///

28. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

29. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

30. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff request the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with her from further copying or displaying the Image;

B. For an order requiring defendant to account to plaintiff for her profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Image used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Image or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

///
///

## JURY DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: October 19, 2024          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
         Peter E. Perkowski

Attorneys for Plaintiff
RICHARD ONTIVEROS-GIMA